# TAB 1

IL
5 ô 2016 2 52 41 M
onna ay Mc inn y
B ar o nty i trict I r
Acc pt d By Maria ac on

**CITCML W/JD SOS SAC1**

CAUSE NO. **2016CI07814**

| | | |
|---|---|---|
| RONALD SHAFFER, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | **166** JUDICIAL DISTRICT |
| | § | |
| GREEN EARTH TECHNOLOGIES, INC., | § | |
| *Defendant* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RONALD SHAFFER (hereinafter "SHAFFER") filing this his *Original Petition, Jury Demand, and Request for Disclosure* against GREEN EARTH TECHNOLOGIES, INC., and for such, would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

SHAFFER intends to conduct discovery pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.4, Level III.

SHAFFER seeks damages within the jurisdictional limits of the court and monetary relief over $200,000 but not more than $1,000,000.00.

### II. PARTIES

SHAFFER is an individual residing in Kendall County, Texas.

GREEN EARTH TECHNOLOGIES, INC. (hereinafter "GET") is a Delaware corporation conducting and/or transacting business in the State of Texas. Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.251, the Texas Secretary of State is the agent for service of process as this Defendant has failed to appoint and does not maintain a registered agent in the State of Texas. Service of citation has been requested upon Secretary of State by certified mail, return receipt requested at: Service of Process, Secretary of State, P.O. Box 12079, Austin,

Texas 78711-2079. Pursuant to TEXAS BUSINESS ORGANIZATIONS CODE §5.253, the Secretary of State has sent a copy of process to Defendant GREEN EARTH TECHNOLOGIES, INC. at its regular place of business: P.O. Box 4644, Greenwich, Connecticut 06831.

### III. VENUE

Pursuant to the TEXAS CIVIL PRACTICES AND REMEDIES CODE, venue is proper in Bexar County, Texas, because this is the County wherein all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV. FACTUAL BACKGROUND

SHAFFER was retained by GET as the Senior Vice President of Operations / Global Supply Chain. SHAFFER was based in Texas and reported to the chief executive officer Jeff Loch, also based in the state of Texas, "in his [SHAFFER's] capacity as head of branding and delivery of product to Mass Retailers" per the offer letter dated January 17, 2008. ("Employment Agreement"). *See* Exhibit "A." SHAFFER was to be paid a salary of $150,000.00 per year, six (6) months' severance pay upon termination, paid vacation, a bonus, and an award of stock for his professional services rendered as an employee of GET in the State of Texas, as set forth in the Employment Agreement. *Id.*

SHAFFER began his employment with GET on March 1, 2008, in San Antonio, Bexar County, Texas. Periodically GET requested and SHAFFER accommodated modifications to the terms of the Employment Agreement to permit the short-term deferral of compensation. GET failed to pay SHAFFER the sum of $313,626.00 in compensation, and $57,692.40 in earned but unpaid vacation; a total sum of $371,318.40.

To induce SHAFFER to defer compensation temporarily, GET represented to SHAFFER that a large sale to Petroleos de Venezuela, S.A. ("PDVSA") was imminent, through a third party

known as Green Hook Supplies Corporation ("Green Hook") based in Miami, Florida allegedly brokering a sale of materials by GET to PDVSA.[12] Such representations were routinely repeated; however, GET failed to compensate SHAFFER in accordance with the original Employment Agreement or the representations made thereafter. Rather, GET continued to fabricate stories regarding purported sales to PDVSA failed to make payment SHAFFER from sales proceeds, or directed sales to PDVSA through a third party such as Green Hook to avoid the payment of debts of GET.

Thereafter, SHAFFER was terminated and GET failed to compensate SHAFFER pursuant to the Employment Agreement.

### V. ACTS OF AGENTS OF DEFENDANT

SHAFFER incorporates Paragraph IV herein.

Whenever in this petition it is alleged that the Defendant did any act or thing or failed to do any act or thing, it is meant that their officers, agents, or employees, respectively, performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with said Defendants.

### VI. FIRST CAUSE OF ACTION - SPECIFIC PERFORMANCE

SHAFFER incorporates Paragraph IV – V herein.

The Employment Agreement are the proper subject and are sufficiently definite and certain on their face for specific performance. The consideration flowing from SHAFFER to GET under the Employment Agreement was adequate and Employment Agreement are just and reasonable. SHAFFER has performed all the terms and conditions on his part to be performed

---

[1] The necessity of a third-party broker is unknown to Plaintiff as GET routinely sold to institutional purchasers. Green Hook Supplies Corporation is represented by GET is its "South America Distributor."
[2] PDVSA is the Venezuelan state-owned oil and natural gas company founded on January 1, 1976, following nationalization of the Venezuelan oil industry.

on the face of said Employment Agreement, save and except for those excused by the acts and omissions of GET. GET has breached said Employment Agreement by failing and refusing to perform its obligations to SHAFFER thereunder.

That specifically said, the Employment Agreement obligates GET to compensate SHAFFER for performance of his job functions and bonuses earned. As a result of the foregoing, SHAFFER'S remedy at law is inadequate, SHAFFER is entitled to pursue performance, and SHAFFER is seeking an order of this Court complaining of GET to compensate SHAFFER for compensation due and owing for performance of SHAFFER's regular job functions pursuant to the terms and provisions of the Employment Agreement.

### VII.  SECOND CAUSE OF ACTION - BREACH OF CONTRACT

SHAFFER incorporates Paragraph IV – VI herein.

SHAFFER has performed all terms and conditions, which he was required to perform with respect to, said Employment Agreement save and except for those excused by the acts and omissions of GET. GET has breached the Employment Agreement in that GET has failed, neglected and refused to perform its obligations to SHAFFER herein. GET neglected and refused to compensate SHAFFER for performance of his job functions and bonuses earned.

### VIII.  THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT

SHAFFER incorporates Paragraph IV – VII herein.

An actual controversy has arisen and now exists between SHAFFER and GET concerning their respective rights and duties under the Employment Agreement. SHAFFER contends by virtue of the Employment Agreement, GET is obligated to reimburse SHAFFER for performance of his job functions and bonuses earned, for reasonable attorney's fees, and other

costs incurred or which hereinafter may be by reason of the failure of GET to perform under the Employment Agreement.

SHAFFER desires a judicial determination of the respective rights and duties of SHAFFER and GET under the Employment Agreement.

Such a declaration is necessary and appropriate at this time in order that SHAFFER may ascertain its rights and duties with respect to the Employment Agreement and the payment of any damages, costs and expenses which have been incurred, or may be incurred, by SHAFFER.

### IX. FOURTH CAUSE OF ACTION—QUANTUM MERUIT

SHAFFER incorporates Paragraph IV – VIII herein.

SHAFFER has provided good and valuable services in the performance of his job functions for the use and benefit of the GET. GET accepted such services having reasonable notice that SHAFFER expected to be compensated for such services. Accordingly, SHAFFER seeks to recover monetary damages equal to the reasonable value of such services.

### X. FIFTH CAUSE OF ACTION—PROMISSORY ESTOPPEL

SHAFFER incorporates Paragraph IV – IX herein.

At the time the Employment Agreement was executed, Defendant made material representation and/or promises to indemnify SHAFFER. SHAFFER reasonably and substantially relied upon such promises to his detriment. SHAFFER's reliance was foreseeable by GET. The foregoing promise(s), singularly or in combination, constitutes promissory estoppel, which caused SHAFFER's damages for which he now sues. Said damages suffered by SHAFFER are in a sum within the jurisdictional limits of this Court.

### XI. FRAUD

SHAFFER incorporates Paragraphs IV – X herein.

At the time SHAFFER was hired, and during the periods thereafter, GET made material representation to SHAFFER regarding compensation for performance of his job functions. SHAFFER relied upon such representations, accepted employment with GET, and continued his employment with GET. However, such representations were false, and GET knew that such representations were false. Each of GET's misrepresentations, singularly or in combination, constitutes fraud, which caused SHAFFER's damages for which he now sues. Said damages suffered by SHAFFER are in a sum within the jurisdictional limits of this Court.

### XII.  EXEMPLARY DAMAGES

Plaintiff incorporates Paragraphs IV – XI herein.

GET's material and false representation to SHAFFER regarding compensation for performance of his job functions, SHAFFER's reliance upon such representations accepting employment with GET, and continuing his employment with GET constitute fraud entitling SHAFFER to exemplary damages pursuant to TEXAS CIVIL AND PRACTICE REMEDIES CODE §41.003.

Based on the facts stated herein, the Plaintiff requests exemplary damages be awarded from Defendants in an amount to be determined by the trier of fact.

### XIII.  CONDITIONS PRECEDENT

All conditions precedent to the institution of each and every cause of action asserted herein and the recovery of damages by SHAFFER have occurred or been performed.

### XIV.  ATTORNEYS' FEES

Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE Chapters 37 and 38, SHAFFER is entitled to recover reasonable attorneys' fees incurred in this litigation.

### XV. JURY DEMAND

Plaintiff hereby demands a jury by trial and is tendering the jury fee with the filing of this Petition.

### XVI. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2 (a) through (l).

### XVII. NOTICE TO USE DOCUMENTS PRODUCED IN DISCOVERY

SHAFFER hereby gives notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of his intent to use all documents produced by all parties at the time of trial, including all responses to and documents produced pursuant to depositions upon written questions directed to facilities seeking the production of records.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, SHAFFER prays for judgment against GREEN EARTH TECHNOLOGIES, INC. as follows:

1. An order declaring the parties' rights under or directing the Defendant's performance under the Employment Agreement;
2. Any and all damages sustained by SHAFFER according to the proof at the time of trial;
3. Exemplary damages;
4. Costs of suit incurred herein;
5. Attorney's fees incurred by SHAFFER;
6. Pre-judgment interest;
7. Post-judgment interest on all amounts awarded at the maximum rate allowed by law until paid; and
8. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF DANIEL P. O'CONNOR
630 Broadway
San Antonio, Texas 78215
210.892.6224 Telephone
210.271.1540 Facsimile

By: _____
DANIEL P. O'CONNOR
State Bar No. 15185300
doconnor@dpolaw.com
IAN M. McLIN
State Bar no. 24005071
ianmclin@dpolaw.com

ATTORNEYS FOR PLAINTIFF



January 17, 2008

Ronald Shaffer
583 Shotwell Street
San Francisco CA 94110

Subject: Position as Vice President Operation/Global Supply Chain

Dear Ron:

We are pleased to offer you the position of Vice President Operation/Global Supply Chain at Green Earth Technologies, Inc. The terms of the offer are as follows:

1. Reporting & Location:
You will report to Jeff Loch in his capacity as head of branding and delivery of product to Mass Retailers. You will locate initially in the Orlando area at your own expense as directed by the Company.

2. Salary and Minimum Salary Continuation Period:
Your salary is $150,000 annually. In the event that the Company elects to no longer require your services you will continue to receive your salary for six months but will not receive additional vesting of shares, bonus or other employee benefits. You will not be receive any continued salary in the events that you are terminated for cause or either resign from the Company.

3. Bonus and Advance:
If during calendar year 2008 shipments, in any one calendar month, exceed for the first time the threshold of one million units you will be receive as one time cash bonus equal to 50% of your annual salary ($75,000) payable on or before the end of the month following the month in which the event occured.

You will receive an advance of $25,000 on start of employment. This advance will be deducted from the first payment of the bonus and non-recoverable by any other means.

4. Founder's Shares and Stock Options:
You will receive 500,000 shares of common stock that are subject to registration prior to sale or exemption there from under SEC Rule 144. The shares will vest in equal installments quarterly over a three year period based on continuous employment. In the event that the company is sold:

0120 Letey Lane, PO Box 344    Woody Creek, CO 81656    Tel: 323-4040-5739    Fax: 970-922-1126

Your vesting will accelerate to 100% upon closing. For the shares to be non-accessible it is necessary for the shares to be purchased from the Company at the price of the par value ($0.001 per share).

Additionally, the Company intends to establish an Employee Stock Option Plan and you will be eligible to be included in the Plan with a 500,000 share allocation to you.

5. <u>Responsibilities</u>:
Your initial responsibilities all aspects of operations management, supply chain, sourcing and manufacturing, planning/forecasting, procurement, purchasing, contract manufacturing, distribution, warehousing and operation of management information and control system. From time to time these responsibilities maybe modified to fit the evolving dynamic growth situation anticipated by the Company.

6. <u>Salary Adjustments and Bonus</u>:
Your salary and bonus are fixed for the calendar year 2008. Thereafter the Compensation Committee of the Board will review and recommend increases in your compensation as the Company progresses.

7. <u>Start Date</u>:
Your start date is March 1, 2008.

8. <u>Other</u>:
   A. You will enter into confidentiality and non-circumvention, non-competition, employment or other agreements as maybe required without departing from the spirit and terms of this Offer Letter.
   B. This is the complete agreement and cannot be modified unless reduced to writing and signed by you and the Company. In the event of a dispute should arise between the Company and you this Offer Letter will be interpreted under the laws of the state of Connecticut in the county of Fairfield.
   C. You will receive employee benefits including vacation, health and life insurance and others that are available to vice presidents of the Company.
   D. You air travel will be pre-paid by the Company and all other reasonable expenses for travel including room, car, meals, entertainment, and miscellaneous shall be paid in 15 days or sooner after expense reports are submitted to the Company.

We trust you will accept this offer. If so, please sign to indicate your acceptance and return a copy by fax to the contact information provided below. The Team looks forward to rapidly building a very significant Clean-Tech company and having fun on the ride.

Sincerely,

Mathew Zuckerman, Ph.D.
CEO & President

Agreed:

Ronald Shaffer
1/17/2008

0120 Letey Lane, PO Box 344   Woody Creek, CO 81656   Tel: 323-4040-5739   Fax: 970-922-1126