**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

RONALD SHAFFER,                    §
                                   §
    *Plaintiff,*                 §
                                   §
*v.*                               §          Civil Action No.  SA-17-CV-00451-XR
                                   §
GREEN EARTH TECHNOLOGIES, INC.,    §
                                   §
    *Defendant.*                 §

## ORDER

On this date, the Court considered Plaintiff Ronald Shaffer's Motion to Remand (Docket no. 8) and Defendant Green Earth Technologies, Inc.'s Motion to Transfer Venue (Docket no. 3). After careful consideration, the Court DENIES both motions.

## BACKGROUND

Plaintiff filed his initial petition on May 6, 2016 in the 166th Judicial District Court of Bexar County, Texas. Docket no. 1-1 at 2. The subject of Plaintiff's lawsuit is an Employment Agreement that allegedly governed Plaintiff's employment relationship with and compensation from Defendant. Docket no. 1-1 at 3–4. Plaintiff alleges that Defendant failed to compensate him in accordance with the Agreement and subsequent representations made by Defendant. *Id*. at 4. Plaintiff attached the Agreement to his initial state court petition as an exhibit. Docket no. 1-1 at 10–11. For present purposes, the most relevant portion of the agreement is a paragraph which reads:

> This is the complete agreement and cannot be modified unless reduced to writing and signed by you and the Company. *In the event of [sic] a dispute should arise between the Company and you this Offer Letter will be interpreted under the laws of the state of Connecticut in the county of Fairfield.*

*Id*. at 11 (emphasis added).

Plaintiff obtained a default judgment against Defendant in state court on September 20, 2016. Docket no. 1-2 at 42–43. On January 19, 2017, Plaintiff filed an abstract of judgment in Harris County to enforce this default judgment. Docket no. 8-3. On January 30, Plaintiff filed an application for turnover relief in Bexar County. Docket no. 8-4.

On February 8, 2017, Defendant sought relief from Plaintiff's default judgment by filing a petition for bill of review in a Bexar County state court. Docket no. 1-2 at 2–24. On April 11, 2017, the parties filed a joint motion for entry of agreed judgment setting aside the default judgment. Docket no. 1-4 at 2–6. On April 18, 2017, the state court entered the parties' agreed judgment and set aside the default judgment. Docket no. 1-5 at 2–5. The agreed judgment stated in part:

> [Plaintiff's] live pleading shall be Plaintiff's Original Petition, Jury Demand, and Request for Disclosure ("Original Petition"), filed in the Original Proceeding, on May 6 2016 . . . [Defendant] shall have 30 days from the entry of this Agreed Judgment to file its initial responsive pleading to [Plaintiff's] Original Petition. [Plaintiff] shall retain his claims and rights to the same extent as they existed at the time of the filing of his Original Petition in the Original Proceeding; and [Defendant] shall retain any and all rights, objections, challenges, defenses, affirmative defenses, and counterclaims related to the Original Petition and [Plaintiff's] claims asserted therein.

*Id*. at 3–4.

On May 10, 2017, Defendant removed the case to this Court on the basis of diversity jurisdiction. Docket no. 1. Defendant is a Delaware corporation with its principal place of business in New Jersey, Plaintiff is an individual Texas citizen, and Plaintiff's original petition seeks in excess of $200,000 in damages. Docket no. 1 at 3. Plaintiff does not challenge these substantive requirements of subject matter jurisdiction. *See* Docket no. 8.

**DISCUSSION**

There are currently two pending motions—Defendant's motion to transfer filed on May 18, 2017 (Docket no. 3) and Plaintiff's Motion to Remand filed on May 22 (Docket no. 8). Even though the motion to transfer was filed first, the Court will take up these motions in reverse order to ensure that it has subject matter jurisdiction over the case.

## I.  Plaintiff's Motion to Remand

Plaintiff argues that Defendant's notice of removal was not timely because it was filed more than 30 days "after receipt of a paper from which it may first be ascertained that the case may be removed," referencing the application for turnover relief filed in Bexar County state court. Docket no. 8 at 3. Alternatively, Plaintiff argues that Defendant's notice of removal was not timely because it was filed more than one year after the commencement of the underlying state court action. *Id.*

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Moreover, certain cases where jurisdiction is based on diversity cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The Fifth Circuit has summed up the application of these time limits in relation to formal service of process on the defendant as follows:

> These statutes clearly provide that a defendant's right to removal runs from the date on which it is formally served with process. Put another way, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum.

*Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing and quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). And critically for purposes of this case, the Fifth Circuit in *Thompson* held that "[t]his general rule applies even in cases where the state court litigation proceeds to a default judgment." *Id.* The Fifth Circuit agreed with "[v]arious courts [that] recognize that an unserved defendant retains the right to remove an action once it learns of the litigation." *Id.* (citing *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628–30 (7th Cir. 2007); *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955) (per curium); *Ware v. FleetBoston Fin. Corp.*, 180 F. App'x 59, 62–63 (11th Cir. 2006) (per curium)).

In short, under the Supreme Court's decision in *Michetti Pipe* and the Fifth Circuit's decision in *Thompson*, the 30-day time limit to remove runs from the date of formal service of process, and the record here shows that Plaintiff never served Defendant with formal process. This failure prevents the 30-day time limit from running against Defendant, and for this reason, removal is timely in this regard.

In addition, the one-year limitation does not apply in this case because it applies only to cases that were not originally removable when filed, but that later become removable. The relevant statutes provide that:

> 28 U.S.C. § 1446(b)(3)—Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

28 U.S.C. § 1446(c)(1)—A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

As the Fifth Circuit has recognized, this one-year bar to removal of cases based on diversity jurisdiction in "[s]ection 1446 . . . appl[ies] *only* . . . to cases that are not initially removable." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (emphasis added); *see also Villaje Del Rio, Ltd. v. Colina Del Rio, LP*, SA-07-CA-947-XR, 2008 WL 2229469, at *1 n. 2 (W.D. Tex. May 28, 2008) ("[T]he one-year limitations period only applies if diversity jurisdiction was originally unavailable."). Here, Plaintiff has not challenged Defendant's substantive basis for diversity jurisdiction (complete diversity of the parties and an amount-in-controversy exceeding $75,000), and these jurisdictional allegations are based on Plaintiff's original complaint. Plaintiff has not amended his complaint or any other pleading or paper. Thus, this case was initially removable when Plaintiff filed it, and the one-year limitation simply does not apply for that reason.[1] Defendant's Notice of Removal was therefore timely both under the 30-day and one-year limitations imposed by the removal statutes. Accordingly, Plaintiff's motion to remand is DENIED.

## II.    Defendant's Motion to Transfer

Defendant's motion to transfer is based entirely on what it argues is a binding forum selection clause from the Employment Agreement. The clause reads in full: "In the event of [sic] a dispute should arise between the Company and you this Offer Letter will be interpreted under

---

[1] The case law upon which Plaintiff relies proves the point—§ 1446's one-year limitation on removal of cases based on diversity jurisdiction applies *if and only if* a case is not originally removable but later becomes removable. *See Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp. 2d 626, 628 (E.D. Tex. 2000) (applying the one-year limitation of § 1446 where changes in the parties and claims changed a case that *was not* removable into a case that *was* removable); *Robinson v. Gen. Motors Corp.*, 601 F. Supp. 2d 833, 835 (N.D. Tex. 2008) (same).

the laws of the state of Connecticut in the county of Fairfield." Docket no. 1-1 at 11. By its motion, Defendant seeks transfer to the U.S. District Court for the District of Connecticut in Bridgeport, Connecticut (which is located in Fairfield County). Docket no. 3 at 2.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The normal § 1404(a) analysis and its "convenience" determination involve the application of numerous private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). This "calculus" of § 1404(a) changes, however, where transfer is sought based on a forum selection clause; when a contract includes a valid forum selection clause, the district court ordinarily should transfer the case to the forum stated in the clause. *Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). "A proper application of § 1404(a) requires that the forum selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 579 (2013). When a contract includes a valid forum selection clause, the district court ordinarily should transfer the case to the forum designated by the clause. *Id.* at 581.

Before giving this "controlling" weight to a forum selection clause, the clause must first be a valid and controlling one. *Atlantic Marine*, 134 S. Ct. at 581 n. 5. Forum selection clauses are presumed to be valid and must be enforced by the court. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). In order to be valid, the forum selection clause must be mandatory, not permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). And if the forum selection clause is ambiguous, it must be construed against the drafter. *Id.* In other words, "[w]hen . . . confronted with two opposing, yet reasonable, interpretations of" a

forum selection clause, the Fifth Circuit applies a "traditional rule whereby, 'an interpretation is preferred which operates more strongly against the party from whom (the words) proceed.'" *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974).

In *M/S Bremen v. Zapata Off-Shore Company,* the Supreme Court found that a clause reading "any dispute arising must be treated before the London Court of Justice" to be a mandatory forum selection clause. 407 U.S. 1, 2 (1972). Similarly, this Court recently found that a clause reading "[a]ny litigation proceeding will be governed by and in the State of Nevada" was unambiguous and mandatory. *Bustos v. Dennis*, SA-17-CV-39-XR, 2017 WL 1049570, at *1 (W.D. Tex. Mar. 17, 2017), *reconsideration dismissed*, SA-17-CV-39-XR, 2017 WL 1944165 (W.D. Tex. May 8, 2017). And in another recent decision, this Court read as unambiguous and mandatory the following clause: "This Agreement shall be construed and interpreted in accordance with the laws of Montana. Jurisdiction for any legal action arising out of this Settlement Agreement will be in the Montana Fourth Judicial District Court, Missoula County." *Morgan-Rinehart v. Van de Perre*, A-16-CA-01327-SS, 2017 WL 1383933, at *5 (W.D. Tex. Apr. 12, 2017). On the other hand, the Fifth Circuit held that a clause reading "[t]he law and courts of Zurich shall be applicable" was permissive because the clause did not clearly indicate the parties' intention to make Zurich the exclusive forum for any dispute. *Caldas*, 17 F.3d at 128.

The forum selection clause in this case reads: "In the event of [sic] a dispute should arise between the Company and you this Offer Letter will be interpreted under the laws of the state of Connecticut in the county of Fairfield." Docket no. 1-1 at 11. This clause, like the clause in *Caldas*, is ambiguous and does not clearly designate a specific jurisdiction as the exclusive forum for disputes. Thus, it is not mandatory.

For two reasons, both relating to the clause's use of the word "interpreted," the clause is ambiguous and therefore must be construed against Defendant. First, though the clause contains the mandatory phrase "will be," the clause as a whole provides only that in the event of a dispute, the agreement will be *interpreted* in a certain manner. A mandatory and unambiguous clause, such as that in *Bustos*, might dictate that "any litigation" will be in a certain locale. Such a clause might require that any disputes be treated before a certain court, as in *M/S Bremen*, or that exclusive "jurisdiction" will lie in a certain court, as in *Morgan-Rinehart*. Here, though, the clause provides only that the agreement will be "interpreted" in a certain manner in the event of a dispute. This language does not command that venue for disputes, litigation, or any other proceedings will properly exist only in a specific place or court.

The second ambiguity of the clause is that it could reasonably be read as only a choice of law provision. The clause can be read to say that the laws of Fairfield County, Connecticut (whatever those laws may be) will be used to interpret the Agreement in the event of a dispute.

Because the clause is ambiguous in the ways described above, it must be construed against Defendant. The Court therefore reads it as merely a choice of law provision and not a forum selection clause. Construed as such, the clause, which is the sole basis for Defendant's motion to transfer, does not mandate that proper venue exists exclusively in Fairfield County, Connecticut. Accordingly, Defendant's motion to transfer is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Docket no. 8) is DENIED and Defendant's Motion to Transfer (Docket no. 3) is DENIED.

It is so ORDERED.

SIGNED this 19th day of June, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE